FILED

AUG 22 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEATRICE DAVIS
1134 MORSE STREET, NE
WASHINGTON, DC 20002
(202) 388-3582

August 22, 2007

Case: 1:07-cv-01503
Assigned To : Robertson, James
Assign. Date : 8/22/2007
Description: EMPLOY DISCRIM

v.

THE DEPARTMENT OF THE NAVY
1000 NAVY PENTAGON
WASHINGTON, DC 20350-1000

## COMPLAINT

Sexual Harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964m 42 U.S.C. $2000e et seq.; and the Civil Rights Act of 1871, 42 U.S. C. $1983.

Plaintiff confirms that the following to be factual. Plaintiff were never given the opportunity to have her case heard in the court by a jury. The Navy violated Plaintiffs CIVIL RIGHTS.

The Equal Employment Opportunity Commission stated "The agency shall notify the Complainant's right to appeal to the Commission and the time limits applicable thereto. The agency shall also notify the federal district court of the right of an unrepresented plaintiff to request the court to appoint counsel for the plaintiff. Hilliard v. Volcker, 659 F .2d 1125 (D.C. Cir. 1981

1

The EEOC states "Finally, the agency is reminded that all notices to Complainant concerning his/her statutory rights to file a civil action, and all other documents, information sheets and the like concerning the processing of complaints within the particular agency, include the identity of the appropriate head of the department or agency against whom, in his/her official capacity, a civil action may be commenced".

SEE EEOC EXHIBIT (A) DATED JULY 29, 1998 (1 OF 4)

PLAINTIFF REQUEST TRIAL BY JURY.

PLAINTIFF ASKING $800,000.

RESPECTFULLY,

*[signature]* 8-22-07

Beatrice Davis, pro se
1134 Morse Street, NE
Washington, DC 20002



1 OF 4

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
PH: (202) 275-7377
TDD: (202) 275-7518
FAX: (202) 275-6834

July 29, 1998

John H. Dalton
Secretary of the Navy
Employee Appeals Review Board
801 North Randolph Street, Room 720
Arlington, VA 22203-1998

**FILED**
AUG 21 2000
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: Davis v. Navy, EEOC No. 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x
Agency No: DON 96-62285-003

Dear Mr. Dalton:

Enclosed is the investigative file and Findings and Conclusions in this matter. The Findings and Conclusions are issued without a hearing pursuant to 29 C.F.R. § 1614.109(e)(3) (1997). We have sent a copy of the Findings and Conclusions to the Complainant's representative and to the agency's representative by certified mail, return receipt requested, in accordance with 29 C.F.R. § 1614.109(g).

Please provide this office with a copy of your final decision.

Sincerely,

*[signature]* for Tulio L. Diaz
Director
Washington Field Office

Enclosures:  1. Investigative Files and related correspondence
             2. Findings and Conclusions

cc: (Findings and Conclusions only)
Beatrice Davis
P.O. Box 91156
Washington, D.C. 20090-1156

David A. Branch, Esq.
2000 Mass. Ave. NW 2nd floor
Washington, D.C. 20036

Judy Mitchell
Labor Management Relations Dept.
Human Resources Office - Washington
Washington Navy Yard
901 M Street, SE
Washington, D.C. 20374-2000

Exhibit A

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street Suite 200
Washington DC 20005

| | |
|---|---|
| Beatrice Davis,<br>Complainant,<br><br>v.<br><br>John Dalton,<br>Secretary,<br>U.S. Department of Navy,<br>Agency. | EEOC No. 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x<br><br>Agency No. DON 96-62285-003 |

# FINDINGS AND CONCLUSIONS

## INTRODUCTION

These Findings and Conclusions are being issued without a hearing. Jurisdiction to conduct hearings on EEO complaints is found in Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.109 (1997). Authority to determine whether a hearing will be conducted, and subsequently to issue findings and conclusions without a hearing, is found specifically at 29 C.F.R. § 1614.109(e). On May 26, 1998, I issued a Notice of a Proposed Decision Without a Hearing. On June 3, 1998, Complainant submitted a Response to Proposed Decision Without a Hearing. Complainant's Opposition (Compl.Opp.). On June 4, 1998, the agency submitted a Motion in Support of a Proposed Decision Without a Hearing. Agency Motion.

## ISSUES

Whether Complainant was discriminated against on the bases of her race and color



(Black), and in retaliation for engaging in the EEO process when:

(1) she was suspended on January 8-12, 1996, and

(2) her performance evaluation for the period ending March 31, 1996 was only a level 2 (Minimally Successful) rather than a level 4 or 5.

## DECISION

Summary Judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). When the nonmoving party fails to make a "sufficient showing on an essential element of his case with respect to which he has the burden of proof" then the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When determining summary judgment the facts "must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587 (1986), citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Complainant must set forth a prima facie case setting out facts which raise an inference of discrimination in order to establish a claim of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If Complainant cannot show a prima facie case there is no genuine issue for trial. Once Complainant shows the existence of a prima facie case, the burden shifts to the agency to state a legitimate, nondiscriminatory reason for the alleged action. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981); McDonnell


contention that PACT was an unfair system is not tantamount to a showing that it was discriminatory. Moreover, all employees were evaluated under the same system; therefore, there is no evidence that Complainant was evaluated under different criteria than her coworkers or that the use of PACT disadvantaged Complainant more than others. Because Complainant has failed to adduce any evidence that her performance evaluation was a product of discrimination or retaliation, her second issue must fail.

## DECISION

I conclude that the agency did not discriminate as Complainant has alleged.

## NOTICE

Pursuant to Equal Employment Opportunity Commission regulations, 29 C.F.R. § 1614.109(g) (1997), the Administrative Judge's findings and conclusions and the relief ordered, if any, shall become the final decision binding on the agency if the agency has not issued a final decision adopting, rejecting, or modifying the findings and conclusions within 60 calendar days after the date the agency received the findings and conclusions, including the transcript, if any. In such event, the agency shall notify the Complainant that pursuant to 29 C.F.R. § 1614.110, the Administrative Judge's findings and conclusions and the relief ordered, if any, is the agency's final decision.

The agency shall notify the Complainant in writing of Complainant's right to appeal to the Commission and the time limits applicable thereto. The agency shall also notify the federal district court of the right of an unrepresented plaintiff to request the court to appoint counsel for the plaintiff. Hilliard v. Volcker, 659 F.2d 1125 (D.C. Cir. 1981).

Finally, the agency is reminded that all notices to Complainant concerning his/her statutory rights to file a civil action, and all other documents, information sheets and the like concerning the processing of complaints within the particular agency, include the identity of the appropriate head of the department or agency against whom, in his/her official capacity, a civil action may be commenced.

_Adria S. Zeldin_  
Adria S. Zeldin  
Administrative Judge

7/29/98  
Date

7

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-1503
JR-1503

## I (a) PLAINTIFFS
BEATRICE DAVIS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11661
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
THE U.S. DEPARTMENT OF THE NAVY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01503
Assigned To : Robertson, James
Assign. Date : 8/22/2007
Description: EMPLOY DISCRIM

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☒ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

4

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff's Civil Rights were violated by The Department of The Navy 42USC

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 800,000°°   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO   If yes, please complete related case form. See attached EEOC documents

DATE 8-22-07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_, pro se

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.