UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEATRICE DAVIS, | ) |
|       Plaintiff, | ) |
| v. | )   Civil Act. No. 07-1503 JR |
| DEPARTMENT OF THE NAVY<br>The Pentagon<br>Arlington, Virginia, | ) |
|       Defendant. | ) |

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, defendant hereby moves this Court for an order dismissing this case for failure to provide a short and plain statement showing that plaintiff is entitled to relief. Alternatively, if this case is not dismissed for the foregoing reasons, summary judgment should be granted to defendant because plaintiff's claims in this case, to the extent that they can be understood (i.e., they relate to events occurring prior to the Navy's decision in 1998 to fire her) are barred by the doctrine of res judicata, in that plaintiff is bound by the earlier decisions of this Court in the cases of Davis v. Dalton, 98cv2353 (JR) and Davis v. Department of Navy, 04cv1528 (JR).

In support of this motion, the Court is referred to the accompanying statement of material facts as to which there is no genuine dispute and to the accompanying memorandum of points and authorities. A draft order reflecting the requested relief is also attached.

Plaintiff should take notice that any factual assertions contained in the attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits her

own declarations or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

                            Respectfully submitted,

                            JEFFREY A. TAYLOR, D.C. Bar #498610
                            United States Attorney

                            RUDOLPH CONTRERAS, D.C. Bar #434122
                            Assistant United States Attorney
                                      /s/
                            FRED E. HAYNES, D.C. Bar#165654
                            Assistant United States Attorney
                            555 4th Street, N.W., Room E-4110
                            Washington, D.C. 20530
                            202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEATRICE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Act. No. 07-1503 JR |
| ) | |
| DEPARTMENT OF THE NAVY ) | |
| The Pentagon ) | |
| Arlington, Virginia, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

Upon consideration of defendant's motion to dismiss or, in the alternative, for summary judgment and the response thereto, it is this _____ day of _____, 2007,

ORDERED that defendant's motion to dismiss is granted; and it is further

ORDERED that this case is dismissed from the docket of this Court. This is an appealable, final order.

UNITED STATES DISTRICT JUDGE

Copies to plaintiff, pro se, and
to counsel for defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEATRICE DAVIS,              )
                             )
        Plaintiff,           )
                             )
    v.                       )    Civil Act. No. 07-1503 JR
                             )
DEPARTMENT OF THE NAVY       )
The Pentagon                 )
Arlington, Virginia,         )
                             )
        Defendant.           )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 56.1, defendant submits this statement of material facts as to which there is no genuine issue:

1. Plaintiff sued the Navy in 1998 concerning events relating to her employment there, which ended with her being fired in that year. Docket of this Court, Entry No. 1, Davis v. Dalton, 98cv2353 (JR).

2. The Court granted defendant's motion to dismiss or for summary judgment, Docket Entries 39 and 40.

3. The Court concluded that plaintiff's claims were barred either by the settlement agreement that she had reached with the Navy or by reason of plaintiff's failure to file a timely complaint of discrimination or retaliation. Exhibit A to defendant's memorandum in support of its motion to dismiss or for summary judgment.

4. Plaintiff filed another complaint against the Navy in 2004, Davis v. Department of Navy, 04cv1528 (JR), which repeated allegations made in the 1998 complaint. Docket of this

Court, Entry No. 1, Davis v. Department of Navy, 04cv1528 (JR).

    5. The Court dismissed this complaint because it was barred by the doctrine of res judicata. Exhibit B to defendant's memorandum in support of its motion to dismiss or for summary judgment.

    6. The claims made in plaintiff's current case, to the extent that they can be discerned, repeat matters raised in plaintiff's two earlier cases. Compare dockets of the current case with the two earlier cases.

    Respectfully submitted,

    JEFFREY A. TAYLOR, D.C. Bar #498610
    United States Attorney

    RUDOLPH CONTRERAS, DC Bar #434122
    Assistant United States Attorney
    /s/
    FRED E. HAYNES, DC Bar #165654
    Assistant United States Attorney
    555 4th Street, N.W., Room E-4110
    Washington, D.C. 20530
    202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEATRICE DAVIS, )<br>)<br>    Plaintiff, )<br>)<br>  v.             )<br>)<br>DEPARTMENT OF THE NAVY )<br>The Pentagon )<br>Arlington, Virginia, )<br>)<br>    Defendant. )<br>_____) | Civil Act. No. 07-1503 JR |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

This is the third civil action brought by plaintiff concerning her employment by the Department of the Navy. The first, Davis v. Dalton, 98cv2353 (JR), and the second, Davis v. Department of Navy, 04cv1528 (JR), concerned events leading up to, and including, her being fired from her Navy position in 1998. She lost both cases. She has now filed a very cryptic third complaint that appears to concern events that were included in her earlier cases. As we explain below, the complaint should be dismissed (1) because it does not comply with Fed. R. Civ. P. 8, and (2) because it is barred by the doctrine of res judicata, i.e., the decisions in plaintiff's prior cases bar this action.

A. Failure To Comply With Fed. R. Civ. P. 8.

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint in this action is short, but it is very obscure as to what plaintiff is challenging. The first sentence states "Sexual Harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964m [sic] 42 U.S.C.

$[sic]2000e et seq.; and the Civil Rights Act of 1871, 42 U.S.C. $[sic]1983. (Underlining omitted.) Plaintiff then asserts that she "were [sic] never given an opportunity to have her case heard in court by a jury" and that "[t]he Navy violated Plaintiff's CIVIL RIGHTS." (Capitalization in the original.) Plaintiff's citation to 42 U.S.C. § 1983 does not provide a legal basis for continuing her action, since § 1983, by its terms, addresses actions taken under the color of state law, not actions taken by a federal agency under federal law. And the fact that plaintiff's two prior cases were decided by dispositive motions, prior to a jury trial, does not provide a basis upon which relief can be granted to plaintiff.

The remainder of the complaint, two paragraphs, contains quotes from a 1998 letter from the Equal Employment Opportunity Commission to the Secretary of the Navy enclosing an EEOC decision denying a discrimination and retaliation administrative complaint filed by plaintiff. The quotations concern administrative matters, and their significance to plaintiff's case is unclear.

The 1998 EEOC letter attached to the complaint addresses plaintiff's administrative complaint that she was the victim of discrimination and retaliation (a) when she was suspended from January 8 through 12, 1996, and (b) when she received a minimally successful performance appraisal for the period ending March 31, 1996. If these are in fact the claims she is pursuing in this action, they are barred by her prior litigation, as explained below.

B. <u>This Action Is Barred By The Decisions In Plaintiff's Prior Cases.</u>

The Court may take judicial notice of its own records. <u>See</u> Fed. R. Ev. 201(b). The relevant records in this case are the filings and docket entries in plaintiff's two earlier cases against the Navy. The decision in the case filed in 1998 is attached hereto as Exhibit A. It

2

dismisses the case for two reasons: first, most of the claims were governed by a settlement agreement that plaintiff entered into in the course of the administrative processing of her complaint (the substance of the settlement was that plaintiff was given a retirement option, in lieu of the firing); second, to the extent that the claims were arguably not covered by the settlement agreement (her suspension complaints, which included the January 2006 suspension), plaintiff's administrative complaint concerning the suspensions was untimely. Docket entry 39, July 13, 2000, 98-cv-2353 (JR). Plaintiff appealed the dismissal, and the Court of Appeals affirmed the District Court's decision, docket entry 47.

The complaint in plaintiff's second case again goes over the history of her work at Navy, work which ended with her being fired in 1998. It includes as an attachment the EEOC's July 29, 1998, letter, with findings and conclusions, that is attached to the complaint in this, the third action filed concerning the same events. The Navy filed a motion to dismiss, and the Court dismissed the case by an order that stated that the case was barred by the doctrine of res judicata. A copy of the order is attached hereto as Exhibit B.

Since the current complaint contains allegations that were made in plaintiff's two earlier cases, the case should be dismissed under the doctrine of res judicata.

C.  Conclusion.

For the reasons set forth above, the complaint should be dismissed.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR, D.C. Bar #498610
                                        United States Attorney

                                        RUDOLPH CONTRERAS, DC Bar #434122
                                        Assistant United States Attorney

                    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion To Dismiss Or, In The Alternative, For Summary Judgment was served by first-class mail, postage prepaid, on November 1, 2007, on:

    Ms. Beatrice Davis
    1134 Morse Street, N.E.
    Washington, D.C. 20002

              /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        202.514.7201