UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEATRICE DAVIS,                        )
                                       )
                Plaintiff,             )
                                       )
                     v.                )  Civil Act. No. 07-1503 JR
                                       )
DEPARTMENT OF THE NAVY                 )
The Pentagon                           )
Arlington, Virginia,                   )
                                       )
                Defendant.             )
_____    )

ERRATA TO DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

     Yesterday evening, undersigned counsel (Fred E. Haynes)
primarily responsible for this case for defendant filed the
above-captioned motion.  The two exhibits to the motion, Exhibits
A and B, were inadvertently not attached to the filed document.
They are attached as exhibits to this errata.  Additionally,
there is confusion as to whether the motion was actually served
by mail on plaintiff yesterday evening.  By this errata, defen-
dant notes that a copy of above-captioned motion is being mailed
to the plaintiff on this 2d day of November, 2007.

                         Respectfully submitted,

                              /s/
                         FRED E. HAYNES, DC Bar #165654
                         Assistant United States Attorney
                         555 4th Street, N.W., Room E-4110
                         Washington, D.C. 20530
                         (202) 514-7201

CERTIFICATE OF SERVICE

I certify that on this 2d day of November, 2007, a copy of

the foregoing errata, together with a copy of defendant's motion

to dismiss or, in the alternative, for summary judgment was

served on plaintiff by first-class mail, postage prepaid, to the

following address:

        Ms. Beatrice Davis
        1134 Morse Street, N.E.
        Washington, D.C. 20002


                    /s/
        FRED E. HAYNES, D.C. BAR #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        (202) 514-7201

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BEATRICE DAVIS,                      :
                                     :
        Plaintiff,                   :
                                     :
    v.                               :    Civil Action No. 98-2353 (JR)
                                     :
JOHN H. DALTON, Secretary of the :
Navy,                                :                **FILED**
                                     :
        Defendant.                   :            JUL 1 3 2000

                    <u>MEMORANDUM</u>         NANCY MAYER-WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

        <u>Pro se</u> plaintiff Beatrice Davis, an African-American

female, brings seven claims of race discrimination and retaliation

against the Secretary of the Navy.[1] Defendant has moved to

dismiss or for summary judgment, arguing that plaintiff's claims

are barred by prior settlement agreements or that they fail as a

matter of law. Defendant's motion must be granted, for the

reasons set forth below.



---

    [1]    Claims 1-3 mirror claims 8(a)-(c), and are treated the
same for purposes of this motion.

## Facts[2]

Plaintiff Beatrice Davis worked as a purchasing agent at the United States Naval Observatory from 1990 until 1998. She was responsible for collecting requests to purchase products and services, inputting that information into her computer and awarding contracts to vendors. Defendant's Statement of Material Facts (Def.'s Facts) ¶¶ 1-2.

In June 1994, the Navy suspended Ms. Davis for three days for disruptive conduct unbecoming a federal employee. That suspension was based on several documented instances of rude behavior and unprofessional conduct toward vendors and insubordination toward her first-line supervisor Donna Munyon (white; female). Ms. Davis served her three-day suspension and later challenged it as discriminatory and retaliatory in an EEO complaint. On June 13, 1995, she agreed in writing to "withdraw [her] allegations of discrimination effective this date" in consideration of the Navy's promise to restore the three days of pay that she lost as a result of the suspension, to reduce the

---

[2]    Ms. Davis's complaint is cryptic and her opposition papers fail to respond directly to many of the Navy's arguments. At an October 15, 1999 status conference, I urged her to retain counsel. She has not done so. She did move for appointment of counsel, but, after considering the factors set forth in Local Rule 83.11(a)(4)(B), I have denied that motion. Ms. Davis has not challenged the Navy's statement of material facts, and that statement is taken as true for purposes of this motion.

suspension to a letter of reprimand, and to remove all documents related to the suspension from her personnel file.  Id. ¶¶ 3-11.

In October 1995, a representative of Hewlett-Packard complained that Ms. Davis "displayed very rude behavior towards her and her employees."  That complaint, along with other documented instances of "disruptive behavior in the workplace [] includ[ing] yelling and being unduly unprofessional," led Ms. Davis's new first-line supervisor, Janet Freeman (African-American; female), to propose suspending Ms. Davis for five days.  On November 23, 1995, the lawyer who then represented Ms. Davis responded by letter to the proposed suspension.  The letter stated that Ms. Davis believed she was being "singled out for this action as she often refers to 'Jesus' and makes other religious references in her speech" and that she was being "harassed in reprisal" for her prior EEO activity.  On December 14, 1995, Ms. Davis was informed by memorandum that she would be suspended for five days effective January 8-12, 1996, for conduct unbecoming a government employee.  The memorandum also stated, "If you feel you have a discrimination complaint you should file your complaint though the [EEOC] procedures."  Ms. Davis sought EEO counseling on this claim on February 28, 1996.  Her claim that the five-day suspension was discriminatory was rejected by an administrative judge on July 29, 1998.  This finding was affirmed by the Navy on August 27, 1998.  Id. ¶¶ 12-26; 27-29; 31-34.

- 3 -

Ms. Davis was suspended for a third time on October 7, 1996 -- this time for fourteen days -- for shouting at and being verbally abusive to another employee. She never sought EEO counseling with regard to this suspension. Id. ¶¶ 35-36.

For the performance evaluation period ending March 31, 1998, Ms. Davis was rated "unacceptable" because she "consistently failed to process procurement requests within the time period established by regulation" and "failed to provide the customer service that was required." On May 27, 1998, Ms. Davis received a "letter of opportunity" setting forth specific job duties that required immediate improvement and giving her 60 days to improve her performance. On September 8, 1998, the Navy proposed to remove her from federal service. A decision removing her was issued on October 9, 1998. Id. ¶¶ 37-43.

Ms. Davis filed this action on October 1, 1998. Her complaint asserts claims of discrimination based on race or retaliation stemming from: (1) the June 15, 1994 suspension; (2) the January 12, 1996 suspension; (3) the October 7, 1996 suspension; (4) the letter of opportunity dated May 26, 1998; (5) the proposal to remove her for unacceptable performance dated September 8, 1998; (6) the job performance evaluation of "unacceptable" during the period prior to her proposed removal in 1998; and (7) her allegation that she was "[t]reated different on the job." Id. ¶ 44; see generally Pl.'s Compl.

- 4 -

Three weeks after Ms. Davis filed this action, she filed a complaint before the Merit Service Protection Board challenging her removal from federal service and alleging "job discrimination against me from 1990 October through 1998 October." The parties reached an oral agreement settling the MSPB action during a hearing before an administrative judge on January 22, 1999.[3] Ms. Davis was represented by counsel at that hearing. The agreement was tape recorded, and the tape recording was made part of the record. The administrative judge asked for and received verbal confirmation from Ms. Davis that she understood and assented to the terms of the settlement. He also announced: "If there is no subsequent written agreement, this recording will serve as the parties['] settlement." Def.'s Facts ¶¶ 44-55.

On July 6, 1999, Ms. Davis confirmed the terms of the settlement in a signed document titled "Response to Settlement as

---

[3]    The parties' agreement provided in pertinent part:

The agency will cancel appellant's removal and retroactively restore her to the agency's rolls, pay her a lump sum of $31,836.00 no later than 60 days after the date of the agreement, and expunge from her personnel records all references to the removal and her unacceptable performance rating. The agency will also carry appellant in a Leave Without pay status until May 30, 1999, unless she is separated sooner pursuant to her obtaining other employment. If appellant is still on the agency's rolls on May 30, 1999, she will then resign or retire on Discontinued Service Retirement. Appellant will have a presumed acceptable performance rating of record, and the agency will provide prospective employers with a neutral reference regarding appellant. Finally, the agency will pay reasonable attorney's fees to Mr. Shea, and the parties will keep the terms of their agreement confidential.

of 21 January 1999."  In this document, she requested the

settlement check "no later than July 23, 1999."  She has received

and cashed the check.  Id. ¶¶ 47-65.


## Analysis

A.        Preclusive Effect of the 1999 Settlement

        The Navy's central and potentially dispositive argument

is that the 1999 settlement agreement bars all seven of Ms. Davis's

claims.  Voluntary agreements resolving claims of employment

discrimination are binding on both parties.  See 29 C.F.R. §

1613.217(b) ("Any settlement agreement knowingly and voluntarily

agreed to by the parties, reached at any stage of the complaint

process, shall be binding on both parties"); see also Jackson v.

Widnall, 99 F.3d 710, 714-15 (5th Cir. 1996).  "Federal law does

not require . . . that the settlement be reduced to a writing.

Absent a factual basis rendering it invalid, an oral agreement to

settle a Title VII claim is enforceable against a plaintiff who

knowingly and voluntarily agreed to the terms of the settlement or

authorized his attorney to settle the dispute.  If a party to a

Title VII suit who knowingly and voluntarily agreed to the terms of

the settlement changes his mind when presented with the settlement

documents, that party remains bound by the settlement."  Fulgence

v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981).

There is substantial evidence that Ms. Davis entered into the 1999 settlement "knowingly and voluntarily." It is undisputed that Ms. Davis verbally agreed to settle her claims in consideration of the Navy's agreement to, inter alia, pay her a lump sum of $31,836. The administrative judge who presided over the settlement found the agreement to be "lawful on its face, [] understood by the parties, [and] freely and voluntarily entered into by the parties." Ms. Davis's follow-up letter to the Navy confirming the terms of the settlement and demanding payment dispels any doubts about the voluntary nature of this agreement. Indeed, Ms. Davis does not seriously contest the validity of the 1999 settlement in her opposition, except to say that it has not brought her the financial security that she had hoped.

The 1999 settlement agreement obviously disposes of Ms. Davis's removal claim: her MSPB complaint explicitly challenged the Navy's "decision to effect [her] removal." Also, the three mediate decisions leading up to Ms. Davis's removal -- the 1998 employment evaluation, the 1998 letter of opportunity and the proposal to remove her for unacceptable performance on September 8, 1998 -- were part and parcel of the broader removal claim and must be deemed resolved by the settlement. Cf. Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (4th Cir. 1997) ("[t]he long-held rule [is] that Title VII's anti-retaliation provision refers to ultimate employment decisions, and not to an 'interlocutory or mediate'

- 7 -

decision which can lead to an ultimate decision"); Brown v. Brody,
199 F.3d 446, 457 (D.C. Cir. 1999) (holding lateral transfer is not
an actionable adverse employment action without accompanying loss
of pay or benefits).

Whether the 1999 settlement bars Ms. Davis's three
suspension claims is less clear.  The settlement agreement does not
expressly address the suspensions.  Ms. Davis stated in her MSPB
complaint that she "ha[s] been suspended three (3) times based on
false allegation[s]," but she did not recite separate causes of
action for the suspensions.  The suspension claims are subject to
dismissal, however, for other, more clearly applicable, reasons.


B.        1994 Suspension Claim

Ms. Davis's claim based on her 1994 suspension is barred
by the June 1995 "Memorandum of Agreement" in which she agreed to
"withdraw [her] allegations of discrimination" in exchange for
certain concessions by the Navy.  Ms. Davis acknowledges the
existence of this agreement, but appears to assert that it is
invalid because the Navy violated its confidentiality provision by
"br[inging] [it] up again for signature during Ms. Janet
Freeman['s] supervision[,] [w]hich should have made the agreement
null and void. . . ."  She has not established, or stated how she
would establish, that the Navy breached its duty to keep the terms
of the settlement agreement confidential.

C.         1996 Suspension Claims

Ms. Davis's claim of discrimination based on her five-day suspension in 1996 must be dismissed because she failed to contact an EEO counselor within 45 days of the allegedly discriminatory event.  See 29 C.F.R. § 1614.105(a)(1).  It is undisputed that Ms. Davis received and acknowledged by signature a decision to effect her suspension on December 14, 1995, and that she was represented by counsel at that time.[4]  Yet she did not seek EEO counseling until February 28, 1995 -- 76 days after she received the letter effecting her suspension -- and does not present any credible reasons for tolling the 45-day requirement.  This claim must be dismissed as untimely.

Ms. Davis's second 1996 suspension claim (fourteen days) must also be dismissed for failure to exhaust administrative remedies.  She never sought EEO counseling for this suspension, and she conceded as much in her 1998 administrative complaint: "[i]n October 1996 I was so very stressed out I can't remember why I did not bring this issue to the EEO."  She asserts no legal basis to excuse her failure to comply with the 45-day requirement.[5]

───────────────

    [4]     Indeed, the letter from Ms. Davis's counsel suggests that Ms. Davis believed as early as November 28, 1995 that the proposed five-day suspension was in reprisal for prior EEO activity.

    [5]     Even if Ms. Davis had timely sought EEO counseling for her 1994 suspension and her two 1996 suspensions, the Navy has presented legitimate non-discriminatory reasons for its actions. See Def.'s Facts at ¶¶ 4; 24; 35.  In her opposition, Ms. Davis

D.        Remaining Disparate Treatment Claim

Ms. Davis's remaining claim -- that she was "treated differently on the job" -- must be dismissed because it fails to satisfy even the minimal(ist) requirement of notice pleading recently announced by the Court of Appeals in Sparrow v. United Airlines, Inc., 2000 WL 779758 at *3 (D.C. Cir. June 27, 2000). This dismissal of this last claim will be without prejudice.

Dated: July 13, 2000

_____

JAMES ROBERTSON
United States District Judge

---

provides no evidence of pretext to rebut the Navy's factual proffers. Her statement that Ms. Freeman "was having problems with her husband and she took out the abuse on Plaintiff" is not affirmative evidence of discriminatory animus or retaliation, and her conclusory statement that "[t]he five-day suspension dated 12 January 1996 is an unfair labor practice" does not create a factual issue of pretext. See Hankins v. Temple Univ., 829 F.2d 437, 443 (3d Cir. 1987).

- 10 -

Copies to:


Beatrice Davis
1134 Morse Street, N.E.
Washington, DC  20002
Plaintiff pro se

Michael Harvey
Assistant U.S. Attorney
Judiciary Center, Room 10-108
555 Fourth Street, N.W.
Washington, DC  20001
Counsel for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BEATRICE DAVIS,                             :
                                            :
          Plaintiff,                        :
                                            :
     v.                                     :   Civil Action No. 98-2353 (JR)
                                            :
JOHN H. DALTON, Secretary of the            :
Navy,                                       :
                                            :   **FILED**
          Defendant.                        :
                                                JUL 1 3 2000

                    <u>ORDER</u>                    NANCY MAYER WHITTINGTON, CLERK
                                                    U.S. DISTRICT COURT

     For the reasons set forth in the accompanying
memorandum, it is this 13ᵗʰ day of July 2000,

     **ORDERED** that defendant's motion to dismiss or for
summary judgment [#23-1] is **granted**.  Counts 1-6 and 8(a)-(c) of
the complaint are dismissed with prejudice.  Count 7 is dismissed
without prejudice.  And it is

     **FURTHER ORDERED** that plaintiff's motions to appoint
counsel [##14, 22] are **denied**.


                              _____
                                    JAMES ROBERTSON
                              United States District Judge

Copies to:

Beatrice Davis
1134 Morse Street, N.E.
Washington, DC  20002

Plaintiff *pro se*

Michael Harvey
Assistant U.S. Attorney
Judiciary Center, Room 10-108
555 Fourth Street, N.W.
Washington, DC  20001

Counsel for Defendant

- 2 -

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BEATRICE DAVIS,                    :
                                   :
          Plaintiff,               :
                                   :
     v.                            :  Civil Action No. 04-1528 (JR)
                                   :
DEPARTMENT OF THE NAVY,            :
                                   :
          Defendant.               :

**ORDER**

Plaintiff's response to the government's motion to dismiss ("motion to continue with the EEOC matter of 1998") confirms that this action asserts the same claims that were dismissed in Civil Action No. 04-1528 by order of this Court dated July 13, 2000 [dkt # 40]. This action is accordingly barred by the doctrine of <u>res judicata</u>, and the government's motion to dismiss [5] is **granted**. This is a final, appealable order.

JAMES ROBERTSON
United States District Judge

